FORET, Judge,
dissenting.
I respectfully dissent from the holding of the majority which affirmed the trial court judgment.
In my opinion, there are several issues to be considered in this ease which were not addressed by the majority cr by the trial court.
Firstly, a review of the record shows that there is no mention made of the marital status of the maternal grandparents of the child. At the hearing, the mother, Joan Vest, said that, “and my mother has to sign the adoption papers, and she did not sign them”. There is no mention anywhere in the record of whether or not Joan Vest’s parents are separated, divorced, or whether her father is deceased. This is crucial because the statute says that in the case of *1362 the parents of the surrendering parent are divorced or separated, or one is deceased, then the one having custody shall sign. Joan Vest is a minor emancipated by marriage, and no one has legal custody of her. Further, the record does not reflect just how Joan Vest’s mother came to have custody of her.
A second issue to be considered is the fact that the surrendering father of the child is over twenty years of age. Query: Under what circumstances can he revoke his act of voluntary surrender? Another query: Does Joan Vest, the mother of the child, have the right to revoke the act because of technicality or is her mother a necessary party to the revocation based on the technicality? This brings us to a third issue, and that is, whether the revocation is in the best interest of the child. No finding was made by the trial court nor by the majority herein on that issue. R.S. 9:422.11 provides that the withdrawal of the consent of either or both of the parents who executed the formal act of surrender shall not bar a final or interlocutory decree of adoption, if the decree is in the best interest of the child. There has been no finding in this case what is the best interest of the child.
In my view, the statute is at best ambiguous, and that being the case, the intent of the legislature in enacting the statute can and should be considered. There is no doubt in my mind that the legislature did not intend that the grandparent or grandparents of a child to be adopted would have to consent thereto where the parent of that child is emancipated by marriage. If they had so intended, they could have simply added the phrase, “even though the indicated parent may be emancipated by marriage”. Since the legislature did not do so, it is logical to assume that they did not intend to require the necessity of the grandparent’s signature in such an instance.
For the foregoing reasons, I respectfully dissent.